## SEAVEY *v.* DANA.

The defendant is liable in an action for money had and received for the proceeds of a note delivered to him by a bailee to whom it had been intrusted by the plaintiff for safe keeping.

Both parties claiming title to the money, and agreeing to its deposit in a bank, not to be withdrawn except upon their joint order, or upon a decision of the court made in a proceeding to be brought for the purpose of determining the rights of the parties, a subsequent suit for the money by one of the parties is a proceeding contemplated by the agreement.

ASSUMPSIT, for money had and received. The plaintiff offered to prove that the money sought to be recovered is the proceeds of a note belonging to him, and which he had placed in the hands of a bailee for safe keeping. The bailee delivered it to the defendant, who refused to deliver it to the plaintiff on demand. Subsequently, at a bank in Concord, the maker paid the note, which was then delivered to him by the defendant, and the money was deposited in the bank with a written agreement between the parties that each claimed the money, and that it should not be withdrawn except upon their joint order, or in pursuance of a decision of a court of law, or reference agreed upon, in proceedings instituted for the purpose of determining the rights of the parties. On a later day this suit was brought. The claim of the defendant, that the action could not be maintained on proof of these facts, was overruled, and a verdict for the plaintiff taken by consent, subject to the opinion of the whole court.

*S. Dana*, for the defendant.

*Sanborn & Clark*, for the plaintiff.

ALLEN, J. The action for money had and received can be maintained against the defendant, if he received the note as money or its equivalent, or if he received the proceeds of the note. *Lord v. Staples*, 23 N. H. 448, 457; *Matthewson v. Eureka Powder Works*, 44 N. H. 289, 291, 292; *Ainslie v. Wilson*, 7 Cow. 668. The defendant having received the note from the bailee of the plaintiff

without his consent, an action of trover against the defendant accrued to the plaintiff, and the defendant having given up the note, and received or authorized payment, the plaintiff could waive the tort, and maintain assumpsit for money had and received. *Mann* v. *Locke*, 11 N. H. 248; *Smith* v. *Smith*, 43 N. H. 536. The agreement of the plaintiff, that the proceeds of the note might be deposited in the bank to await the result of legal proceedings, or mutual arbitration to determine the rights of the parties, was not an agreement not to sue, nor a release of any right of action. The decision of a court of law provided for in the agreement could not be obtained without a suit, and the insertion of that provision in the agreement must be construed to mean that legal proceedings were contemplated. No reason appears why the rights of the parties in the note and the deposit are not determined by a trial of this case and judgment. The defendant having submitted the case on the facts which the plaintiff offered to prove, the exceptions are overruled, and there must be

*Judgment on the verdict.*

STANLEY, J., did not sit : the others concurred.